UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS, JR.,

       Petitioner,

v.                                            Civil Action No. 2:12-cv-14511
                                            Honorable George Caram Steeh

RAYMOND BOOKER,

       Respondent.

                                            /

## ORDER DENYING PETITIONER'S MOTION
## TO APPOINT COUNSEL AND FOR IMMEDIATE CONSIDERATION

      This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. On October 12, 2012, Petitioner Robert Lee Childress, a prisoner incarcerated by the Michigan Department of Corrections currently at the Muskegon Correctional Facility in Muskegon, Michigan, filed this habeas petition, *pro se*, alleging that he is incarcerated in violation of his constitutional rights. Pending before the Court are his "Motion for Appointment of Counsel" [ECF No. 9] and "Objections to Magistrate's Order" [ECF No. 10], filed on November 5, 2012. The Court construes Childress's document labeled "Objection to Magistrate's Order," as a motion for immediate consideration of his habeas petition. For the reasons stated, the Court denies both motions.

      First, with respect to Childress's request for counsel, he states that counsel is needed because of the complexity of the issues in his case and because he does not have access to an adequate law library. However, the constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to a petition for a writ of habeas corpus, which is a civil proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003), *reh. denied*, 539 U.S. 970 (2003). There exists no constitutional right to the appointment of counsel in habeas

cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted); *see also* 18 U.S.C. § 3006A(a)(2)(B) (A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require.").

In the instant case, the Court determines, after careful consideration, that the interests of justice do not require appointment of counsel at this time. The Court will reconsider Childress's motion if it determines at a later date that appointment of counsel is necessary. Childress need not file any additional motions regarding this issue.

Second, Childress also requests that the Court immediately review his habeas petition. "[Childress] must persuade the Court that there is a need for the immediate review of his habeas petition by demonstrating an independent basis for such consideration." *See Grumbley v. Davis*, No. 10-10240-BC, 2010 WL 1874603, at *1 (E.D. Mich. May 10, 2010) (citation omitted). "In order to determine whether Childress's habeas petition should be immediately considered, the Court will look at the subject matter of the habeas petition and the remedy he seeks, and any prejudice or hardship the parties may incur as a result of the Court's initial determination and subsequent decision to grant or deny habeas relief." *Id.* (citations omitted).

In this case, the Court finds that Childress has not shown "good cause" to expedite a ruling on his habeas petition. Rather, he simply claims that his habeas petition should be immediately reviewed because he is illegally restrained. The Court finds that Childress has not demonstrated that reviewing the issues in the Court's normal course would be prejudicial to his interest or constitute

undue delay. Moreover, Respondent has not yet filed his answer and the Rule 5 materials–due to be filed on April 19, 2012. *See* Order Requiring Resp. ECF No. 5. The Court tries to address all matters, including habeas petitions, in a timely manner, considering its entire caseload. The Court will address the merits of the petition as expeditiously as possible. Therefore, the Court denies Childress's request as unnecessary.

Accordingly, IT IS ORDERED, that Petitioner's "Motion for Appointment of Counsel" [ECF No. 9] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED, that Childress's request for immediate consideration of his habeas petition is DENIED. *See* Objection to Order Requiring Resp., ECF No. 10.

SO ORDERED.

Dated: November 8, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Robert Childress #365065, 2400 S. Sheridan, Muskegon, MI 49442 on November 8, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk

---

3